IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No.: 1:22-cv-01053-JMC |
| **INTELLIGENT FISCAL OPTIMAL SOLUTIONS, LLC et al.**, | | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defense Counsel's (Matthew Edward Feinberg of PilieroMazza PLLC) Motion to Withdraw as Counsel for Defendants. (ECF No. 73). The Motion requests that the Court permit Mr. Feinberg to withdraw from representation of Defendants Intelligent Fiscal Optimal Solutions, LLC and Tawanda M. Smith. Plaintiff has not presented any opposition to this Motion, nor have the Defendants responded to the Motion. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Motion is **GRANTED**.

When counsel wishes to withdraw its appearance in the case of an individual, such as Defendant Tawanda M. Smith, counsel must adhere to Local Rule 101.2(a).[1] Accordingly, Defense Counsel has filed a certificate stating Defendant Smith's last known address. (ECF No. 73-1 at 3).

---

[1] In the case of an individual, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is permitted, the Clerk shall notify the party that the party will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on behalf of the party. Loc. R. 101.2(a) (D. Md. 2023).

Additionally, Defense Counsel provided Defendant Smith with written notice on March 11, 2023, that Defense Counsel intended to withdraw, and that Defendant Smith should either obtain new counsel or notify the Clerk that Defendant Smith intend to proceed *pro se*. *Id.* Therefore, Defense Counsel has complied with Local Rule 101.2(a) and Defense Counsel is given leave to withdraw its appearance on behalf of Defendant Tawanda M. Smith.

When counsel wishes to withdraw its appearance for a party other than an individual, such as Defendant Intelligent Fiscal Optimal Solutions, LLC, counsel must adhere to Local Rule 101.2(b).[2] Accordingly, Defense Counsel has filed a certificate stating Defendant Intelligent Fiscal Optimal Solutions, LLC's, last known addresses. *Id.* at 2–3. Additionally, Defense Counsel provided Defendant Intelligent Fiscal Optimal Solutions, LLC with written notice on March 11, 2023, that Defense Counsel intended to withdraw, and that Defendant Intelligent Fiscal Optimal Solutions, LLC may be subject to default judgement if Defendant Intelligent Fiscal Optimal Solutions, LLC fails to obtain new counsel. *Id.* at 3. Therefore, Defense Counsel has complied with Local Rule 101.2(b), and Defense Counsel is given leave to withdraw its appearance on behalf of Defendant Intelligent Fiscal Optimal Solutions, LLC.

Accordingly, it is this <u>8th</u> day of <u>April 2024</u>, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Motion to Withdraw Appearance (ECF No. 73) is **GRANTED**;

---

[2] In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it. In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it. Loc. R. 101.2(b) (D. Md. 2023).

2. The Clerk SHALL MAIL a copy of this Order to Defendants;

3. The Clerk SHALL NOTIFY Defendant Tawanda M. Smith that she will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on her behalf; and

4. Defendant Intelligent Fiscal Optimal Solutions, LLC shall obtain new counsel by May 8, 2024, or potentially face default judgement.

Date: April 8, 2024

/s/
J. Mark Coulson
United States Magistrate Judge