IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| vs. | * | Case No.   1:22-cv-01053-JMC |
| **Intelligent Fiscal Optimal Solutions, LLC, et al.,** | * | |

******

## SUMMARY OPINION AND ORDER

This matter was originally filed against the corporate and individual Defendants in April of 2022. (ECF No. 1). The Court denied Defendants' Motion to Dismiss on September 28, 2022. (ECF No. 34). After an initial period of discovery, the case was referred for mediation to Magistrate Judge David Copperthite on April 3, 2023, at the request of the parties. (ECF No. 53). To make that mediation productive, Judge Copperthite ordered the production of certain information by Defendants by August 17, 2023. (ECF No. 55). When Defendants failed to comply, Judge Copperthite extended the production deadline to October 27, 2023, indicating that the failure to comply would lead to a show-cause hearing as to why Defendants shall not be held in contempt. (ECF No. 65). Again, Defendants failed to comply, leading to a show-cause hearing on December 12, 2023. (ECF No. 71). Judge Copperthite withheld imposition of any sanctions and gave Defendants another thirty days to produce the previously ordered documents, which they did not. (ECF No. 72). On March 18, 2024, counsel for both Defendants moved to withdraw, which the Court granted on April 8, 2024. (ECF Nos. 73 and 74). In granting the motion, the Court noted that the corporate Defendant could not proceed without counsel, giving the corporate Defendant until May 8, 2024, to obtain new counsel or risk default. (ECF No. 74). The corporate Defendant failed to comply, and the Court entered an order to show cause why

default should not be entered against the corporate Defendant by May 29, 2024.  (ECF No. 76).  To date, the corporate Defendant has not responded and remains without counsel.

On June 27, 2027, the Court held an in-person status conference.  (ECF No. 78).  The individual Defendant, proceeding *pro se*, appeared, as did counsel for Plaintiff.  *Id*.  The purpose of the conference was to determine whether the case still had a pathway to resolution notwithstanding Defendants' noncompliance with previous orders by Judge Copperthite.  *Id*.  The Court obtained a precise list as to what documents were still outstanding, and the individual Defendant committed to produce those documents by July 31, 2024.  *Id*.  The Court also determined that the documents requested were within the scope of discovery, regardless of their relevance to settlement discussions.  *Id*.  The Court reminded Defendant that a failure to comply risked sanctions, including potential default. *Id*.

Plaintiff indicated at yesterday's hearing that eventually, documents were produced, although these raised the question of whether there were still other undisclosed accounts under the individual Defendant's control that would be available to satisfy any judgment.  Nonetheless, Plaintiff remained willing to resume talks towards resolution within the framework of the documents the individual Defendant provided if the Defendants were still interested in potential resolution.  (ECF No. 84).  The Court ordered that Defendants indicate whether they were willing to continue discussions within that proposed framework by September 10, 2024.  (ECF No. 85).  An extension to October 1, 2024, was requested and granted.  (ECF No. 86).  At the end of September, the individual Defendant stopped responding to the Plaintiff. (ECF No. 89).  Accordingly, the Court set an in-person status conference for October 23, 2024.  (ECF No. 90).  Although the notice for that conference was returned by the Post Office when sent to the address Defendants have on record with the Court, the notice was additionally communicated to the individual Defendant through the most recent email address (Exhibit 1) she provided at the June

27, 2024 hearing according to the Plaintiff. Plaintiff also verified at today's hearing that until the end of September, the individual Defendant had been communicating through that email address.

Defendants did not appear at today's conference. The Court interprets that as a lack of interest in resolution. Accordingly, any informal stay of the proceedings pending such discussions is hereby lifted. Should the Plaintiff require any additional discovery from Defendants, such as a deposition of the individual Defendant, it is free to pursue it. The Court will also entertain any dispositive motion(s) by Plaintiff. The deadline for any such discovery or motion(s) is January 17, 2025. This relatively distant deadline also offers Defendants the opportunity to re-engage on resolving the case should they choose to do so.

In addition to sending notice to Defendants to the address on file with the Clerk of Court, the Court will additionally direct notice to the last known active email address for the individual Defendant (fredskins1931@gmail.com) and the alternative mailing address of 9317 Old Line Drive, Columbia, MD 21045.

10/24/2024
Date

J. Mark Coulson
United States Magistrate Judge